## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ROBERT W. JOHNSON, :

    Plaintiff, :

vs. : CA 19-0154-KD-MU

VICTORIA FIRE & CASUALTY :
COMPANY, et al.,
                                                      :

    Defendants.

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's amended *pro se* complaint (Doc. 5) and his motion to proceed without prepayment of fees and costs (Doc. 2), as amended (Doc. 4). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Upon consideration of all relevant pleadings filed in this case, it is recommended that this Court **DENY** Plaintiff's motion to proceed without prepayment of fees (Doc. 2), as amended (Doc. 4), and it is further recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, both because Plaintiff has failed to establish that this Court can exercise federal question jurisdiction in this matter and because he has failed to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii) (recognizing that a complaint may be dismissed for failure to state a claim upon which relief may be granted).

# I. **PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES (*see* Doc. 2), AS AMENDED (Doc. 4)**.

On April 3, 2019, the undersigned ordered Plaintiff to complete and return this Court's form motion to proceed without prepayment of fees and costs. (Doc. 3, at 1). Johnson's initial motion (Doc. 2) was not on this Court's form (Doc. 3, at 1) and, in addition, as parenthetically noted by the undersigned, Plaintiff simply stated in "a one-paragraph note to the Clerk of Court that he is 'a poor person with no income as of to date.' (Doc. 2.)" (Doc. 3, at 1 n.1). And while Johnson completed all sections of this Court's IFP form (*see* Doc. 4), he has given this Court only slightly more information than that contained in his note to the Clerk of Court filed March 29, 2019 (Doc. 2). In both motions, Johnson gives his address (3345 Fish Avenue, Apt. 1, Bronx, New York 10469), a brief statement of his action, and that he is a poor person with no income. (*Compare* Doc. 2 *with* Doc. 4, at 1 & 3). The only "real" additional information Johnson has presented in his amended IFP motion is that he is a single individual with no dependents and the last date he was employed was in October 2012, when he received $150.00 monthly. (Doc. 4, at 1-2). Otherwise, Johnson's IFP is remarkable for a lack of information because although he has identified that he lives in an apartment in Bronx, New York (*id.* at 1), he states that he makes absolutely no monthly rental payments on the apartment (*id.* at 3), he has no assets or property (*id.* at 2-3), and he has no financial debts or obligations (*id.* at 3). And yet, despite indicating that he has absolutely no assets or income, Johnson eschewed

answering how he provided for his basic living needs of shelter, food, and clothing;[1] instead, he simply wrote the following: "I am a poor person with no income and due to above-said legal issues I am unable to provide for myself. . . . I am in dire need of above-said total punitive damages relief due to my 14th Amendment rights being violated." (*Id.* at 3.)

The authority for granting a plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997), citing *Coppedge v. United States*, 369 U.S. 438, 446, 82 S.Ct. 917, 921-922, 8 L.Ed.2d 21 (1962). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978, 119 S.Ct. 27, 147 L.Ed.2d 787 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d

---

[1] The form provides examples of relevant information that might be given to the Court in this regard, as follows: "(*e.g.* food stamps, family assistance or charitable contributions.)" (Doc. 3, at 3.)

3

782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983), citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975); *see also Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1306 & 1306-1307 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F.Supp. 1071, 1072 (E.D. Wis. 1997), citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F.Supp.2d 642, 648 (E.D. Tex. 1998) (citations omitted). "The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F.Supp. 205, 209 (D.Md. 1978); *see Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an

applicant's 'access to [] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application."). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d at 1307 (citation omitted); *see also id*. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

Upon a review of the Plaintiff's IFP motion (Doc. 2), as amended on April 12, 2019 (Doc. 4), the undersigned **RECOMMENDS** that the Court exercise its broad discretion to **DENY** this motion due to Plaintiff's failure to provide this Court with critical requested information regarding how he provides for his basic living needs in light of his specific representation to this Court that he has absolutely no assets or income (*see* Doc. 4, at 3). In other words, Plaintiff has not explained how he lives in an apartment at 3345 Fish Avenue, Bronx, New York (*id.* at 1), *see* https://www.realtor.com/realestateandhomes-detail/3345-Fish-Ave (reflecting that the property is a multi-family home built in 1930 with an estimated value of $627,300) (last visited, April 29, 2019, at 2:07 p.m.), yet makes no monthly rental payment on that apartment (Doc. 4, at 3). Moreover, the motion does not make clear how a single male can live in such an apartment rent-free and also provide for his food, clothing, and other living necessities, much less pay the utilities on the apartment, when he has had no employment for more than six years, has no assets or

property, yet also (curiously) no financial debts or obligations. (*See id.* at 1-3.) The only logical explanation for how Plaintiff provides for his basic living needs (that is, shelter, food, clothing, etc.) is that he lives with a family member (or members) or other next friend who provide for those basic needs. However, because Plaintiff has not provided this critical information, though it was requested of him (*see id.* at 3 ("If you have indicated that you have minimal or no assets or income, please explain how you provide for your basic living needs such as food, clothing, and shelter. (*e.g.* food stamps, family assistance or charitable contributions.)")), this Court has no ability to determine whether Plaintiff lives with a family member(s) or other next friend who is able to pay the filing fee and other related costs without being deprived of the basic necessities of life. *See Martinez, supra,* 364 F.3d at 1307; *compare id. with, e.g., Williams, supra,* 455 F.Supp. at 209 (under § 1915, the answer to whether a litigant is unable to pay depends "in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend" (emphasis added)) and *Fridman, supra,* 195 F.Supp.2d at 537 ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" (emphasis added)). Accordingly, given Johnson's calculated decision to not provide this Court with the just-mentioned critical information, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's IFP motion (Doc. 2), as amended (Doc. 4).

II.     **PLAINTIFF'S AMENDED COMPLAINT (Doc. 5).**

By previous order entered on April 3, 2019, the undersigned also identified various deficiencies in Plaintiff's original complaint that he needed to remedy in an

amended complaint. (Doc. 3, at 1-4; *compare id. with* 1 (complaint)).[2] In particular, the undersigned explained to Plaintiff that though his complaint, filed March 29, 2019, contained a statement of the grounds for the Court's jurisdiction (Doc. 1, at 2-4), it was unclear whether Plaintiff was asserting "both diversity jurisdiction, in accordance with 28 U.S.C. § 1332, and federal question jurisdiction under 28 U.S.C. § 1331 or *just* federal question jurisdiction[.]" (Doc. 3, at 2 (footnote omitted)). The undersigned went on to explain the three different types of subject-matter jurisdiction that a federal district court may exercise (Doc. 3, at 2 n.3),[3] that Johnson bore the burden of proving the existence of federal jurisdiction (*id.* at 2), and, more specifically, that he was required to "'affirmatively allege facts demonstrating the existence of jurisdiction.'" (*Id., n.3,* quoting *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011), in turn quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994)). In addition, the April 3, 2019 Order further explained to Johnson that his original complaint did not contained a short and plain statement of the claim showing he was entitled to relief, as

---

[2] Since Plaintiff has already been extended the opportunity to file an amended complaint to correct the deficiencies in his original pleading (Doc. 3) and has now filed an amended complaint (Doc. 5), he need be given no further opportunity to amend his complaint before ruling on whether he has established a basis for this Court's exercise of jurisdiction or stated a claim upon which relief may be granted. *Compare, e.g., Butler v. Morgan,* 562 Fed.Appx. 832, 835 (11th Cir. Apr. 3, 2014) ("A district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal if 'it appears a more carefully drafted complaint might state a claim upon which relief can be granted,' even if the plaintiff never seeks leave to amend.") *with Vaughn v. Postal Employees,* 2014 WL 3540575, *3 (S.D. Ala. July 17, 2014) ("Plaintiff was given an opportunity to correct these deficiencies and was specifically instructed to provide additional facts in his amended complaint regarding the basis for his claims and for the Court's jurisdiction.").

[3] The undersigned also parenthetically explained to Plaintiff that "[c]ases arising out of vehicle collisions generally find their way to federal court (whether by being filed there in the first instance or upon removal from state court) on the basis of diversity jurisdiction." (Doc. 3, at 2 n.2 (citations omitted)). Additionally, the undersigned specifically informed Johnson that if he was "simply asserting federal question jurisdiction, he must explain how this action arises 'under the Constitution, laws, or treaties of the United States.'" (Doc. 3, at 3, quoting 28 U.S.C. § 1331.)

required by Fed.R.Civ.P. 8(a)(2), as the Court was unsure "of the exact nature of the claim or claims Mr. Johnson seeks to assert against Victoria Fire & Casualty Company and Nationwide Insurance, given that it appears that neither of these companies insured the purported tortfeasor (Maureen Fabre) or exercised any control over her." (Doc. 3, at 3.) As a result, Johnson was instructed to "identify all relevant facts in support of his claim or claims in separately-numbered paragraphs and also specifically (and separately) identify the claim or claims asserted against Victoria Fire & Casualty Company, as well as Nationwide Insurance, and his right to exercise each identified claim (and his right to recovery as to each claim) based on the relevant facts." (*Id.* at 4 (footnotes omitted)). Parenthetically, Johnson was specifically instructed to inform the Court which driver (the alleged tortfeasor, Maureen Fabre, or the driver of the vehicle in which he was a passenger, that is, Demetrius Moore) was insured by Victoria Fire & Casualty Company and Nationwide; make clear that Maureen Fabre was the individual who had a suspended driver's license; and make clear whether he was seeking to make a claim against Demetrius Moore's uninsured (underinsured, or other) policy provisions. (*See id.* at 3 & 4 ns. 4 & 8.)[4]

Plaintiff's amended complaint filed April 26, 2019 (Doc. 5), the operative pleading in this case (*see* Doc. 3, at 4-5), contains the following jurisdictional statement, which is set forth at the end of the amended complaint in conjunction with his request for relief: "Relief sought by Plaintiff is Punitive Damages in the amount of $100 million dollars, in total for above-said action, under 28 U.S.C. § 1331 Federal Question." (Doc. 5, at 6.) Plaintiff claims in his amended complaint that the Defendants violated his due process

---

[4] Plaintiff's amended complaint (Doc. 5) supplies none of this requested information.

rights and negligently investigated his claim without conducting a hearing. (*See* Doc. 5, at 2-6.)

   A.   **Subject-Matter Jurisdiction in General.**

It need be initially noted that district courts are "courts of limited jurisdiction" that are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *University of South Alabama v. American Tobacco Co., supra*, 168 F.3d at 409 (citation and quotations omitted); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted). And, indeed, even though it is clear that "[p]leadings filed by *pro se* litigants are given liberal construction," these litigants are "'required [] to conform to procedural rules[,]'" *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011),[5] quoting *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011), and, as a consequence, "must 'affirmatively allege facts demonstrating the existence of jurisdiction.'" *Id.*, quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.

---

   [5]   "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

9

1994) (other citation omitted); *see also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.").

There are three different types of subject matter jurisdiction a federal district court may exercise: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997), *cert. denied,* 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998). Here, after specifically being advised of the three different types of subject-matter jurisdiction, Plaintiff specifically avers in his amended complaint that he only invokes federal question jurisdiction, in accordance with 28 U.S.C. § 1331 (Doc. 5, at 6).[6]

B. **Federal Question Jurisdiction**.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[6] More specifically, in his amended complaint (Doc. 5), Plaintiff does not cite or rely upon a specific statutory grant of jurisdiction; therefore, the undersigned will not address this type of federal subject matter jurisdiction.

In addition, nowhere in his amended complaint does Plaintiff assert diversity jurisdiction, under 28 U.S.C. § 1332 (*see* Doc. 5), despite being informed by the undersigned in the order dated April 3, 2019 (Doc. 3, at 2 n.2) that an action (like the instant one) arising out of a vehicle collision is a quintessential diversity action, *compare, e.g., Haines v. Webb,* 2014 WL 12828962, *1 (N.D. Ga. Sept. 26, 2014) ("This case, removed from the Superior Court of Gwinnett County on diversity jurisdiction, arises out of a multi-vehicle collision in which Plaintiff, Caitlyn Haines, sustained internal abdominal and cranio-spinal injuries and incurred $111,382.39 in medical expenses."); *Wasdin v. Cheetah Transp., LLC,* 2006 WL 3534969, *1 (M.D. Ga. Dec. 7, 2006) ("This case is a diversity action that arose out of a vehicle collision between Plaintiff and Defendant Allen Watts."). Accordingly, since Johnson does not specifically assert diversity jurisdiction in his amended complaint, this Court has no need to "test" whether diversity jurisdiction exists. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.").

*Id.* "Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001), quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). "A well-pleaded complaint presents a federal question where it 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Smith*, 236 F.3d at 1292, quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983); *see also Cornelius, supra,* 452 Fed.Appx. at 865 (recognizing that under § 1331, "a federal court will have jurisdiction only when the plaintiff's cause of action is conferred by federal law or when there is some 'contested[, substantial] federal issue' and the exercise of jurisdiction is 'consistent with congressional judgment about the sound division of labor between state and federal courts . . . .' *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313, 125 S.Ct. 2363, 162 l.Ed.2d 257 (2005).")). However, "[e]ven a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction,' or (2) 'such a claim is wholly insubstantial and frivolous.'" *Butler v. Morgan,* 562 Fed.Appx. 832, 834 (11th Cir. Apr. 3, 2014), quoting *Blue Cross & Blue Shield of Alabama v. Sanders,* 138 F.3d 1347, 1352 (11th Cir. 1998). "A claim is 'wholly insubstantial and frivolous' so as to warrant dismissal for lack of

11

subject matter jurisdiction only 'if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim.'" *Id.,* quoting *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d at 1352.

There can be little question but that the provision for federal-question jurisdiction set forth in § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.,* claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312, 125 S.Ct. 2363, 2366 (2005). Here, Johnson broadly claims that the Defendants violated his due process rights during their investigation of his insurance claim arising from a vehicle collision that occurred in Buffalo, New York on January 28, 2017 (*compare* Doc. 5, at 2-5 *with* Doc. 1, Police Accident Report), and, as well, negligently performed that investigation in absence of a fair hearing (Doc. 5, at 5-6). It is clear that "[t]he fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law." *Buxton v. City of Plant City, Florida,* 871 F.2d 1037, 1041 (11th Cir. 1989). As the Fifth Amendment applies only to the actions of the federal government and federal actors, *compare Hallett v. Ohio,* 711 Fed.Appx. 949, 950-51 (11th Cir. Oct. 10, 2017) (recognizing that, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), federal officials may be sued in their individual capacities for violations of an individual's constitutional rights, and, further, that such actions can be brought directly under the Constitution, "without a statute providing a cause of action") *with Barron v. City of Baltimore,* 32 U.S. 243, 250-51, 8 L.Ed. 672 (1833) (recognizing that the Fifth Amendment "is intended solely as a

limitation on the exercise of power by the government of the United States[.]"), and Plaintiff has not alleged and cannot allege that either named Defendant is a federal actor,[7] subject-matter jurisdiction is lacking, *compare Hallett, supra,* 711 Fed.Appx. at 951 (affirming the district court's dismissal of *pro se* Plaintiff's complaint, in part, because although the Plaintiff alleged jurisdiction was proper under *Bivens,* "he failed to name any federal official as a defendant[]") *with Butler, supra,* 562 Fed.Appx. at 834 (recognizing that a claim that is "wholly insubstantial or frivolous" or appears "immaterial and made solely for the purposes of obtaining jurisdiction" may be dismissed for lack of subject-matter jurisdiction).

To the extent Plaintiff seeks to assert a due process claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983,[8] he likewise has failed to properly allege facts sufficient to establish federal subject-matter jurisdiction. "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states[.]" *Rendell-Baker v. Kohn,* 457 U.S. 830, 837,

---

[7] Victoria Fire & Casualty Company and Nationwide Insurance are private corporations. *Compare, e.g., Desravines v. Florida Dep't of Fin. Servs.,* 2011 WL 2292180, *4 (M.D. Fla. May 23, 2011) ("the insurance company Defendants, private corporations . . . ."), *report & recommendation adopted,* 2011 WL 2222170 (M.D. Fla. June 8, 2011) *with Hunter v. Easterling,* 2010 WL 3021415, *2 & n.2 (M.D.Ala. July 8, 2010) (recognizing that Alfa Insurance Company is a private corporation), *report & recommendation adopted,* 2010 WL 3020212 (M.D. Ala. July 27, 2010).

[8] In truth, nowhere in his amended complaint does Johnson reference § 1983 (Doc. 5), though this statute provides "a necessary conduit through which [he] might recover for federal rights violations perpetrated against him." *Smartt v. First Union Nat'l Bank,* 245 F.Supp.2d 1229, 1233 (M.D. Fla. 2003) (citations omitted). This failure alone could be regarded as the death knell for Plaintiff's attempt to establish federal question jurisdiction. *Compare id. with Hallett, supra,* 711 Fed.Appx. at 950 & 951 (no suggestion that an action for deprivation of federal rights—including the right to due process—by persons acting under color of state law—or for state acts—can be brought directly under the Constitution without a statute providing a cause of action).

(Continued)

102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982) (citations omitted). Moreover, "§ 1983 creates a private right of action for deprivations of federal rights by persons acting under color of state law." *Hallett, supra,* 711 Fed.Appx. at 951 (citations omitted). "To prevail on a § 1983 claim, 'a plaintiff must demonstrate both (1) that the defendant deprived h[im] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred **under color of state law**[9].'" *Id.,* quoting *Arrington v. Cobb County,* 139 F.3d 865, 872 (11th Cir. 1998) (emphasis and footnote added). Thus, as for any due process claim Plaintiff arguably brings under § 1983 (or simply under the Fourteenth Amendment), since Johnson failed to allege in his amended complaint that the defendant insurance companies acted under color of state law and/or may be considered state actors,[10] this Court cannot exercise subject-matter jurisdiction in this case. This inability to exercise

---

[9] To the extent a "straight" claim under the Fourteenth Amendment's Due Process Claim can be made without involving § 1983, that amendment still requires state action as it applies solely to acts of the states. *See Rendell-Baker, supra.*

[10] Again, it cannot be gainsaid that Victoria Fire & Casualty Company and Nationwide are private corporations and it is clear that due process violations do not apply to private corporations unless they act under color of state law. *Compare Rendell-Baker, supra,* 457 U.S. at 837 & 838, 102 S.Ct. at 2769 & 2770 (recognizing that the provisions of the Fourteenth Amendment apply "to acts of the states, not acts of private persons or entities[,]" unless the actions of such private parties can be viewed as state action) *with American Manufacturers Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" (citations and internal quotation marks omitted)). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must establish one of the following three conditions: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution []; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State []; or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[.]" *Rayburn ex rel. Rayburn v. Hogue,* 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks and citation omitted). Plaintiff makes no mention of any of these three conditions in his amended complaint and he certainly has not established that any one of these conditions is applicable in this action.

(Continued)

subject-matter jurisdiction is particularly acute in this case, as it was in *Hallett, supra,* since Johnson failed to substantiate his due process claim "with anything other than conclusory allegations." 711 Fed.Appx. at 951. Stated somewhat differently, Plaintiff's due process claim asserted against two private insurance companies has no plausible foundation (that is, it is wholly insubstantial and frivolous) and appears to have been made solely for the purpose of obtaining jurisdiction;[11] therefore, it should be dismissed for lack of subject-matter jurisdiction. For all of these reasons, therefore, jurisdiction does not exist under 28 U.S.C. § 1331.

    **C.**    <u>**Plaintiff's Claims**</u>.

Finally, even if the Court was to presume the existence of subject-matter jurisdiction with respect to Plaintiff's claims (of due process violations and "constitutional" negligence), this does not end the Court's inquiry under 28 U.S.C. § 1915(e)(2)(B)(ii). Indeed, the very reasons underscoring the undersigned's recommendation that this Court lacks subject-matter jurisdiction serve also to underscore a finding that Johnson has failed to state either a due process claim, *see, e.g., Haxton v. State Farm Mut. Auto. Ins. Co. Bd. of Directors.,* 2014 WL 3586550, *9 (N.D. Fla. July 21, 2014) (dismissing the *pro se* plaintiff's due process claim and finding

---

[11] As for what appears to be Plaintiff's separately-designated claim of negligence, namely a negligent failure to perform a proper investigation inclusive of a "fair hearing" (*see* Doc. 5, at 5-6), the Supreme Court has in no uncertain terms staked the position that the Fourteenth Amendment—and, particularly, that amendment's Due Process Clause—is not "a font of tort law to be superimposed upon whatever system may already be administered by the States." *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). Accordingly, the undersigned does not hesitate in concluding that Plaintiff's attempt to transmogrify his state-law negligence claim into a due process violation (due to the lack of a hearing) is simply "inadequate to demonstrate a federal question under the well-pleaded complaint rule." *Butler, supra,* 562 Fed.Appx. at 835.

no viable claim under either the Fifth or Fourteenth Amendments because Plaintiff had not alleged, and could not allege, that any named defendant was a federal actor or a state actor), or a "constitutional" negligence claim, *see, e.g., Freeman v. Florida Dep't of Business & Professional Regulation,* 2014 WL 6673559, *3 (M.D. Fla. Nov. 24, 2014) (relying on *Paul v. Davis, supra,* and finding that the Plaintiff's state law tort claims, including gross negligence, did not "state cognizable constitutional violations under § 1983."). Accordingly, Plaintiff has failed to state any claim upon which relief may be granted and his complaint also is due to be dismissed without prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).[12]

## **CONCLUSION**

Based upon the foregoing, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion to proceed without prepayment of fees (Doc. 2), as amended (Doc. 4), and it is further recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, both because Plaintiff has failed to establish that this Court may

---

[12] To the extent Plaintiff has any viable and ripe claims against Demetrius Moore's insurers, who appear to be the named Defendants in this case, those claims would be state law claims and should be pursued in the state courts of New York. In addition, if Plaintiff wishes to pursue any putative insurer of the putative tortfeasor, that action also should be filed in New York state courts but only **after** Johnson obtains a judgment against the tortfeasor. *See, e.g., Lang v. Hanover Ins. Co.,* 3 N.Y.3d 350, 354, 820 N.E.2d 855, 858 (N.Y. 2004) ("Insurance Law § 3420 therefore grants an injured party a right to sue the tortfeasor's insurer but only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days. Compliance with these requirements is a condition precedent to a direct action against the insurance company[.] . . . Once the statutory prerequisites are met, the injured party steps into the shoes of the tortfeasor and can assert any right of the tortfeasor-insured against the insurance company.").

(Continued)

exercise federal question jurisdiction in this matter[13] and because he has failed to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

---

[13] Because a dismissal for lack of subject matter jurisdiction "is not a judgment on the merits[,]" it should be "entered without prejudice." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 6th day of May, 2019.

             <u>s/P. Bradley Murray  </u>
             **UNITED STATES MAGISTRATE JUDGE**